UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------X

In Re: Child Victims Act Cases Removed
From State Court

**MEMORANDUM AND ORDER**

23-CV-4787, 23-CV-4833,
23-CV-4977, 23-CV-5126

----------------------------------------X

**KIYO A. MATSUMOTO, United States District Judge:**

Before the Court are Plaintiffs' motions to remand four actions brought under the New York Child Victims Act ("CVA") alleging sexual abuse by individuals employed by and/or associated with various organizations, primarily churches and schools, affiliated with the Diocese of Rockville Centre (the "Diocese"). The Diocese is the debtor in a Chapter 11 bankruptcy proceeding currently pending in the United States Bankruptcy Court for the Southern District of New York,[1] and the defendants in the four actions ("Defendants") have removed these cases from state court, arguing that this Court has jurisdiction over these actions because they are "related to" that bankruptcy proceeding, pursuant to 28 U.S.C. § 1334(b). Plaintiffs in each of the four actions subsequently moved to remand, arguing that abstention is

---

[1] *See In re The Roman Catholic Diocese of Rockville Centre, New York*, Case No. 20-12345 (Bankr. S.D.N.Y.).

1

appropriate pursuant to 28 U.S.C. § 1334(c)(2).  Defendants oppose the remand motions, arguing that remand would undermine judicial efficiency by hampering the "efficient transfer" of the cases to the Southern District of New York pursuant to a motion to fix venue under 28 U.S.C. § 157(b)(5), which was filed in that district by the Diocese,[2] and that remand is otherwise unjustified.  Defendants also argue, in the alternative, that if the Court does not deny the remand motions, it should at least hold the four cases in abeyance pending the 28 U.S.C. § 157(b)(5) motion.  The Court respectfully rejects Defendants' arguments as unpersuasive and remands these cases to state court.

The Court writes with the benefit of several decisions[3] remanding dozens of the CVA cases filed against defendants affiliated with the Diocese in state court and subsequently removed to the Eastern District of New York.  As the Honorable Gary R. Brown wrote in *In re Child Victims Act Cases Removed From State Court*, No. 23-cv-5029 (GRB), 2023 WL 5123396, at *3 (E.D.N.Y. Aug. 10, 2023), the CVA plaintiffs' claims have already faced

---

[2] The motion is currently pending before the Honorable Lorna G. Schofield. *In re The Roman Catholic Diocese of Rockville Centre, New York,* No. 23-CV-5751 (LGS), ECF No. 1.

[3] *See, e.g., In re Child Victims Act Cases Removed From State Ct.,* No. 23-cv-4723 (PKC), 2023 WL 5587623 (E.D.N.Y. Aug. 29, 2023); *In re Child Victims Act Cases Removed From State Court*, No. 23-cv-5029 (GRB), 2023 WL 5123396 (E.D.N.Y. Aug. 10, 2023); *In re Child Victims Act Cases Removed From State Court*, No. 23-cv-4741 (HG), 2023 WL 5287067 (E.D.N.Y. Aug. 17, 2023); *In re Child Victims Act Cases Removed From State Court*, No. 23-cv-4991 (ARR) (SIL), 2023 WL 5436138 (E.D.N.Y. Aug. 23, 2023); *In re Additional Child Victims Act Cases Removed From State Court*, No. 23-cv-04580 (JMA) (ST), 2023 WL 5287219 (E.D.N.Y. Aug. 17, 2023).

significant delay due to "excessive litigation wrangling" and a nearly three-year stay of these state court actions related to the bankruptcy proceeding.  Furthermore, there is no requirement that the cases must currently be in federal court to be transferred to the Southern District of New York.  *See In re Johnson & Johnson*, No. 19-cv-3480(LGS), 2019 WL 2497856, at *4 (S.D.N.Y. June 4, 2019) ("a motion to fix venue can be directed to cases pending in state court as well").  The Court agrees with, and incorporates by reference, Judge Brown's reasoning and will rule on the remand motions without waiting for a decision on the 28 U.S.C. § 157(b)(5) motion.

As it relates to Defendants' other arguments regarding jurisdiction and abstention, the Court incorporates by reference the Honorable Hector Gonzalez's comprehensive and well-reasoned opinion remanding ten CVA cases in *In re Child Victims Act Cases Removed From State Court*, No. 23-cv-4741 (HG), 2023 WL 5287067 (E.D.N.Y. Aug. 17, 2023).  For the reasons set forth in Judge Gonzalez's opinion, the Court finds that it has "related to" jurisdiction over Plaintiffs' claims, but that the doctrine of mandatory abstention requires that the four cases before this Court be remanded.  *Id.* at *5–8.  Further, the Court adopts Judge Gonzalez's conclusion that even if mandatory abstention did not apply, it would be appropriate for the Court to remand the instant

3

actions under the doctrines of permissive and equitable abstention. *Id.* at *8.

The Court is also unpersuaded by Defendants' argument that holding the remand motions in abeyance pending Judge Schofield's decision on the Diocese's 28 U.S.C. § 157(b)(5) motion would be the "more judicially efficient approach." *See, e.g., Ryan v. Our Lady of Mercy Roman Catholic Church*, No. 23-cv-4833 (KAM), ECF No. 7 at 24. There is no dispute that the plain language of 28 U.S.C. § 157(b)(5) authorizes the transfer of cases from state court to federal court. *See In re Pan Am. Corp.*, 16 F.3d 513, 516–17 (2d Cir. 1994) ("plaintiffs do not dispute that the plain language of section 157(b)(5) authorized the district court to transfer their cases from Florida state court to the Southern District of New York where Pan Am's bankruptcy was proceeding"). The Court agrees with the Honorable Allyne R. Ross, who wrote that "Defendants fail to state exactly what efficiencies would be realized by a transfer of these cases from one federal court to another as opposed to from state court to federal court." *In re Child Victims Act Cases Removed From State Ct.,* No. 23-CV-4789 (ARR), 2023 WL 5436138, at *2 (E.D.N.Y. Aug. 23, 2023). As such, the Court sees no compelling reason to hold the motions in abeyance pending disposition of the Diocese's 28 U.S.C. § 157(b)(5) motion.

Therefore, because mandatory abstention requires the remand of these cases, and the Court sees no reason to hold the remand

4

motions in abeyance, Plaintiffs' motions to remand are granted. The following cases are hereby remanded to the courts from which they were removed:

- *ARK453 Doe v. Holy Trinity Diocesan High School, et al*, No. 23-cv-4787, Nassau County Supreme Court Index No. 900095/2021;

- *Ryan v. Our Lady of Mercy Roman Catholic Church, et al.*, No. 23-cv-4833, Nassau County Supreme Court Index No. 900029/2021;

- *ARK561 Doe et al. v. Franciscan Brothers of Brooklyn et al.*, No. 23-CV-4977, Nassau County Supreme Court Index No. 900221/2021; and

- *Janas v. Parish of St. Mary*, No. 23-cv-5126, Suffolk County Supreme Court Index No. 611337/2021.

The Clerk of Court is respectfully directed to transfer the cases and records to the state courts, close these cases, and to mail a copy of this order to the New York State Supreme Courts in Nassau County and Suffolk County.

**SO ORDERED**

Dated:   November 3, 2023
         Brooklyn, New York

**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York

5